# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-00674-SCT

*CALHOUN HEALTH SERVICES*

*v.*

*MARTHA GLASPIE*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/30/2014 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| TRIAL COURT ATTORNEY: | JOHN G. WHEELER |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL SHAWN HUDSON |
| | TAYLOR B. SMITH |
| ATTORNEYS FOR APPELLEE: | SARAH LYNN DICKEY |
| | J. KEITH PEARSON |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | VACATED AND REMANDED - 06/11/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND COLEMAN, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Martha Glaspie was a nurse at the Calhoun Health Services community hospital nursing home. After injuring her back, she was required to undergo a drug screening. She was fired from her employment at the hospital after the drug test came back positive for use of cocaine.

¶2.     Glaspie filed suit against the hospital for wrongful termination, negligence, defamation, and breach of the duty of good faith and fair dealing. Calhoun Health Services

filed a motion for summary judgment. The circuit court granted summary judgment in favor of Calhoun Health Services as to Glaspie's defamation claim but denied the motion as to the remaining claims. Calhoun Health Services sought interlocutory review of the circuit court's order denying summary judgment.

¶3.     After this court granted interlocutory review in this case, the Court issued two opinions that altered the law relevant to the disposition of this case. *See Boroujerdi v. City of Starkville*, 158 So. 3d 1106 (Miss. 2015); *Brantley v. City of Horn Lake*, 152 So. 3d 1106, 1108 (Miss. 2014). The trial court in this matter did not have the benefit of these two decisions. Therefore, we will allow the trial court to consider the facts of this case under the new law in the first instance. We vacate the judgment of the trial court and remand the case to the trial court for reconsideration under the present law.

¶4.     **VACATED AND REMANDED.**

        **WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**